UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK J. LYNCH, as President of the
PATROLMEN'S BENEVOLENT
ASSOCIATION of the CITY OF NEW YORK,
INC. and the PATROLMEN'S BENEVOLENT
ASSOCIATION of the CITY OF NEW YORK,
INC.,

          Plaintiffs,

v.

The CITY OF NEW YORK, the NEW YORK
CITY POLICE DEPARTMENT, and
RAYMOND W. KELLY, as COMMISSIONER
of the NEW YORK CITY POLICE
DEPARTMENT,

          Defendants.

07 CIV 9337 (GBD)

ECF

**DECLARATION OF STUART LONDON**

Stuart London deposes and says as follows:

1. I am over 18 years of age and have personal knowledge of each of the facts stated in this Declaration.

2. I am a partner in the law firm of Worth, Longworth and London, LLP. Since May of 1998, this law firm has been the civil, disciplinary, and administrative counsel for the Patrolmen's Benevolent Association of the City of New York, Inc. As such, our primary duties are to represent New York City police officers who have been the subject of disciplinary actions brought against them by the New York City Police Department (NYPD). We also represent police officers who have been charged criminally as a result of on-duty conduct.

3. Part of our duty as disciplinary counsel is to have our attorneys respond immediately when a member is involved in a shooting. Our response generally entails meeting the officer involved at the precinct of occurrence, or wherever the investigation is being conducted.

4.  My examination of the records of this firm indicates that since May of 1998 we have received notifications of five hundred seventy-six (576) shootings by police officers within New York city limits. Of those shootings, five hundred thirty-eight (538) involved on-duty matters and thirty-eight (38) involved off-duty matters.

5.  At the scene of every shooting, a determination of the officer's fitness for duty is made by the NYPD Duty Captain and/or one of the NYPD Shooting Team superior officers.

6.  Our records reveal that in all of the on-duty shootings, the officers involved were found fit for duty by the NYPD. In only three of the thirty-eight off-duty incidents, officers were found unfit for duty. In those three events, no civilians were injured. In one shooting the off-duty officer sustained a self-inflicted graze wound to the head, and in both other situations the officers shot into the air, causing no injuries.

7.  It has been our experience that the policy of designating a Duty Captain or other superior officer to determine fitness for duty has worked fairly, practically and efficiently in all cases without the need for chemical alcohol testing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       October 17, 2007

_____
Stuart London