UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK J. LYNCH, as President of the PATROLMEN'S BENEVOLENT ASSOCIATION of the CITY OF NEW YORK, INC. and the PATROLMEN'S BENEVOLENT ASSOCIATION of the CITY OF NEW YORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> The CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, and RAYMOND W. KELLY, as COMMISSIONER of the NEW YORK CITY POLICE DEPARTMENT, <br><br> Defendants. | 07 Civ.9337 (GBD) <br><br> ECF |

**PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs make this statement, which identifies facts precluding the grant of summary judgment for Defendants, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b) of the Rules of the United States District Court for the Southern District of New York. Defendants did not file a Rule 56.1(a) statement in support of their motion for summary judgment; therefore, the numbered paragraphs included below do not correspond to a submission by Defendants.

**UNDISPUTED FACTS**

1. The Police Department of the City of New York ("NYPD") treats all firearm discharges as an investigation into a possible criminal matter. Campisi Decl. ¶ 33.

2. The results of alcohol testing conducted on NYPD police officers may be used against them in disciplinary or criminal proceedings. Campisi Decl. ¶ 66.

3. NYPD procedures require that the following people be notified "in all shooting cases": the Patrol Borough's "Shooting Team Leader," an officer with the Internal Affairs Bureau, a Duty Inspector or a Duty Chief, a representative from the District Attorney's office, and a community affairs officer. Campisi Decl. ¶¶ 27-31.

4. Evidence about shootings involving NYPD police officers, including information about weapons and ammunition, is gathered at the scene. See Campisi Decl. ¶ 36.

5. There is no documented link between the use of alcohol and firearm discharges by NYPD officers. Nicholson Decl. ¶ 4; see also City Br. 20.

\* \* \* \* \*

On the basis of the record before the Court, including the undisputed facts set forth above, Plaintiff's motion to enjoin the enforcement of Interim Order 52 should be granted, and the City's motion to dismiss, or in the alternative for summary judgment, should be denied.[1] If the Court declines to grant Plaintiffs' request for a preliminary injunction, Plaintiffs respectfully request that they be given an opportunity to conduct discovery regarding the programmatic purpose of Interim Order 52.

---

[1] At this stage of the case, without the opportunity to take discovery, Plaintiffs are unable to state whether certain of the remaining statements in the declarations submitted with Defendants' motion are disputed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | LAW OFFICES OF THOMAS P. PUCCIO |
| Michael T. Murray<br>Office of the General Counsel of<br>the Patrolmen's Benevolent<br>Association of the City<br>of New York<br>40 Fulton St.<br>New York, New York 10038-1850<br>Telephone: (212) 775-4500 | Thomas P. Puccio<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 883-6383<br>Fax: (212) 883-6388<br><br>ROBBINS, RUSSELL, ENGLERT, ORSECK,<br>UNTEREINER & SAUBER LLP |
|  | By: /s/ *Lawrence S. Robbins*<br>Lawrence S. Robbins (LR-8917)<br>Donald J. Russell<br>Alison C. Barnes<br>Brian A. Pérez-Daple<br>1801 K Street, N.W.<br>Suite 411<br>Washington, D.C. 20006<br>Tel: (202) 775-4500<br><br>Fax: (202) 775-4510<br><br>*Counsel for Plaintiffs* |

Dated:  November 16, 2007

3